In the Matter of the Application of AMERICAN SURETY COMPANY OF NEW YORK for an Order Directing GEORGE S. RAYMOND, as Guardian of the Property of KATHRYN WALDRON, an Infant, to Apply Moneys of the Estate of Said Infant in Reduction of the Indebtedness of NORA L. GEORGE to Such Estate and in Reduction of the Liability of AMERICAN SURETY COMPANY OF NEW YORK, as Surety of Such NORA L. GEORGE, as Former Guardian of Such Infant. AMERICAN SURETY COMPANY OF NEW YORK, Appellant; GEORGE S. RAYMOND, as Guardian, etc., of KATHRYN WALDRON, an Infant, Respondent.— Order of the Surrogate's Court of Rockland county, denying a surety's application to have its liability as surety reduced $620, an amount allowed to and later paid by the guardian to a former guardian, unanimously affirmed, with costs. This disposition is without prejudice,

after the surety makes full payment of its liability under the order of December 30, 1935, to the surety's moving to vacate the order of December 31, 1935, allowing $620 to Nora L. George, in so far as it directs the payment of that sum to her, and for an order directing that said sum be paid to the surety; and without prejudice to such other remedy, if any, as may be available to the surety against any other person by way of obtaining the benefit, as an offset or otherwise, of the $620 allowed to its principal while she was in default in a greater sum. The liability of the surety was fixed by the surrogate by a decree dated December 30, 1935. At that time the surrogate should have passed not only upon the application to fix the surety's liability but also upon the then pending application of the former guardian to receive $620 which had come into the estate's funds and have thus given the surety the benefit of an offset to that extent. However, the surrogate saw fit not to do so but to pass separately at a later date upon the application for payment by the former guardian. The surrogate, on December 31, 1935, allowed the $620 to the former guardian and directed the payment thereof by the succeeding guardian, and he made payment as directed. The surety seems to have done nothing to obtain a stay of the execution of that order or to have, in advance of the decision of that proceeding, sought a stay of the execution thereof or provided for the protection of the new guardian in respect of such a payment as was sought and later ordered to be made. It could have, in the proceeding to fix its liability, paid in full at once and asked subrogation to the rights of the former guardian in the other then pending proceeding by way of obtaining the moneys, if any, allowed to the former guardian. Since payment has been made under a direction and order of the surrogate, the estate of the infant may not now be reduced by that sum for the benefit of the surety, by way of reducing the amount of its liability as fixed in the order of December 30, 1935. A different situation might be presented if the payment had not been made by the present guardian to the former guardian, under the direction or order of the surrogate. The surety's remedy, if any, is against the former guardian personally, and by way of pursuing rights, if any, against others in respect of the money paid over to her. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ.